## THE DENNIS VALENTINE.

### LAVERTY et al. v. THE DENNIS VALENTINE.

(Circuit Court of Appeals, Second Circuit. August 1, 1893.)

ADMIRALTY—TENDER—COSTS.
  A libel for salvage having been filed by the owners of a steam tug in their behalf only, claimants paid into court the full amount claimed by libelants, with accrued costs. *Held*, that libelants, thereafter failing to establish a right to more than the amount so paid, were properly charged with costs accruing subsequent to such payment. 47 Fed. Rep. 664, affirmed.

Appeal from the District Court of the United States for the District of Connecticut.

In Admiralty. Libel by James Laverty and others, owners of the steam tug Empire, against the steam lighter Dennis Valentine. John Ingham and another, claimants, paid the sum of $100, and $50 accrued costs, into court. Subsequently, to protect the Valentine against further claim, the master and crew of the Empire were made parties. A decree was entered awarding to libelants $100, the amount of the tender, with costs accrued at the date thereof, less the costs of the claimants accruing after the tender, and giving $50 to the master and crew. 47 Fed. Rep. 664. The libelants appeal. Affirmed.

Josiah A. Hyland, for appellants.

Jos. F. Mosher, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. Although the awards may be moderate in amount, we find no such violation of just principles, or clear and palpable mistake, or departure from the path of authority, as would warrant an increase thereof by this court. The libel as originally filed was that of the owners of the steam tug only. It does not even contain the general clause, "for themselves and others interested," etc. The claimants' payment into court of $100 for services of the steam tug and $50 accrued costs was, therefore, a tender of the full amount of the claim advanced against them up to the date of such tender, and the decree of the district court correctly awarded against the libelants all costs accruing subsequent thereto, their subsequent litigation having failed to establish their right to recover more than the amount of claimants' offer. The appeal on this branch of the case is frivolous. Decree affirmed, with costs of this court.